[Cite as *2115-2121 Ontario Building, L.L.C. v. Anter*, 2013-Ohio-3242.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99171**

# 2115-2121 ONTARIO BUILDING LLC

PLAINTIFF-APPELLEE

vs.

# DOLORES ANTER, ET AL.

DEFENDANTS

# [APPEAL BY THERESA JULIA KRATUS]

DEFENDANT-APPELLANT

## JUDGMENT:
DISMISSED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-752119

**BEFORE:** Rocco, J., Boyle, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 25, 2013

**ATTORNEYS FOR APPELLANT**

Philip Wesley Lambert
Timothy J. Fitzgerald
James F. Koehler
Koehler Neal, LLC
1301 East Ninth Street
Suite 3330, Erieview Tower
Cleveland, Ohio   44114

**ATTORNEY FOR APPELLEES**

Richard P. Goddard
Calfee, Halter & Griswold, LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio   44114

**FOR DOLORES ANTER, ET AL.**

David C. Eisler
P.O. Box 1721
Medina, Ohio   44258

KENNETH A. ROCCO, J.:

{¶1} Defendant-appellant Theresa Kratus ("Kratus"), a minority shareholder of The Macron Investment Company ("Macron"), appeals from the trial court's order taxing receivership costs of the receivership solely against Macron. Because the issue raised in this appeal is fully resolved by our decision in a companion case, this appeal is now moot, and so we dismiss the appeal.

{¶2} The underlying lawsuit involved 2115-2121 Ontario Building, LLC's ("Ontario") purchase of Macron stock.[1] Macron's sole asset was the Stanley Block Building. On March 29, 2012, the trial court issued an order granting Ontario's motion for summary judgment ("Summary Judgment Order"). The trial court declared that Ontario had purchased 32 valid shares, and 50%, of the 64 outstanding shares of Macron stock. The Summary Judgment Order provided two discrete forms of injunctive relief: (1) that Macron "forthwith issue to [Ontario] share certificates evidencing [Ontario's] ownership of 32 shares" of Macron stock; and (2) that Macron "forthwith provide an accounting to [Ontario] of all of Macron's rents, other income and expenses relating to the property at 2115-2121 Ontario, Cleveland." Sum. J. Order 9-10-12. Kratus appealed the Summary Judgment Order. That appeal is a companion case to the instant case.

---

[1] The lengthy procedural history and facts of this case are set forth in more detail in the companion cases to this appeal.

{¶3} Macron did not issue the shares to Ontario. Ontario filed a motion to appoint a receiver for Macron. On June 18, 2012, the trial court issued an order appointing a receiver ("Receivership Order"). In a separate order detailing the receiver's powers and duties, that trial court authorized the receiver: (1) "to take all action necessary to obtain compliance with the [Summary Judgment Order] including the issuance to Ontario of share certificates evidencing Ontario's ownership of 32 shares of the 64 total shares of outstanding Macron stock * * * ."; and (2) "to take immediate possession, control, management and charge of the Stanley Block property * * * [and] to attempt to preserve and maximize the value of the Stanley Block property as a whole."

{¶4} In Section 4.3 of the order detailing the receiver's powers and duties, the trial court addressed the compensation of the receiver:

> [T]he court recognizes that the order appointing the receiver might be appealed. If any such appeal results in the order appointing the receiver being invalidated, then [Ontario] will be required to pay the receiver and other receivership expenses, and those payments will not be taxed as costs. If these conditions are unacceptable to [Ontario] then [Ontario] must move forthwith to vacate the order appointing the receiver.

{¶5} On July 2, 2012, Kratus filed a notice of appeal of the Receivership Order. That appeal is a companion case to the instant case.

{¶6} On September 18, 2012, following the satisfaction of the trial court's judgment and withdrawal of all other pending motions, the receiver filed a motion requesting that she be discharged from further duties in connection with the case. At the same time, the receiver filed her second and final report. On September 24, 2012, Kratus filed a motion to tax costs of the receivership solely against Ontario. Ontario opposed

the motion and moved that all costs of the receivership should be taxed solely against Macron. On October 26, 2012, the trial court denied Kratus's motion and entered an order taxing all receivership costs against Macron ("Costs Order"). The trial court granted the receiver's motion to discharge on October 31, 2012. Kratus now appeals the Costs Order and sets forth one assignment of error for our review:

> The trial court erred in denying Kratus's motion to tax costs of the Macron Receivership solely against Ontario.

**{¶7}** In *2115-2121 Ontario Bldg., LLC v. Anter*, 8th Dist. No. 98627, 2013-Ohio-2995, a companion case, we addressed Kratus's appeal of the Receivership Order. In that case, we affirmed the Receivership Order to the extent that it granted the receiver powers and duties to carry the trial court's Summary Judgment Order into effect. We concluded that the costs and fees incurred in connection with performance of those duties were properly charged to Macron. *Id.* ¶ 27. But we also concluded that the trial court abused its discretion in granting the receiver powers and duties that were outside of the scope of enforcing the trial court's Summary Judgment Order. *Id.* Accordingly, we reversed the Receivership Order to the extent that it granted the receiver powers and duties outside of the scope of enforcing the trial court's Summary Judgment Order. *Id.* Applying Section 4.3, we concluded that Ontario was required to pay the costs and fees incurred by the receiver that were unrelated to the enforcement of the Summary Judgment Order. We remanded the case to the trial court for further proceedings consistent with our opinion.

**{¶8}** As our decision in that case resolves the issue as to how to apportion the costs and fees related to the receivership, the instant appeal is now moot. Accordingly, we dismiss the appeal.

It is ordered that appellee and appellant share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
KENNETH A. ROCCO, JUDGE

MARY J. BOYLE, P.J., and
EILEEN T. GALLAGHER, J., CONCUR